UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 4:18-CR-20607 |
| Plaintiff, | |
| v. | Hon. Laurie J. Michelson<br>United States District Judge |
| ALI ATWI, | |
| Defendant. | |

---

**United States' Response Opposing
the Defendant's Motion for Compassionate Release**

---

Atwi, as an employee and later an owner of Downtown Food Shop in Flint, Michigan, committed vast amounts of food stamp fraud. He pleaded guilty to two separate felony offenses, food stamp fraud in violation of 7 U.S.C. § 2024 and 26 U.S.C. § 7206(1). This Court sentenced him to four months custody in the Bureau of Prisons, allowing him to stagger his custodial sentence with his wife's home confinement sentence.

Atwi began serving his current sentence on March 15, 2020. He now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) His motion should be denied. There is no evidence to support Atwi's contention regarding his alleged active Tuberculosis, and Atwi has not

even begun to exhaust his administrative remedies as required by law. The Court should deny this motion and require Atwi to re-file this motion when and if he has documentation or evidence to support his claims and when he has exhausted his administrative remedies.

*First,* the Bureau of Prisons is already evaluating and releasing inmates most at risk from the COVID-19 pandemic. Following two recent directives from the Attorney General, the Bureau of Prisons is urgently assessing its entire prison population to determine which inmates face the most risk from COVID-19, pose the least danger to public safety, and can safely be granted home confinement. As of April 12, 2020, these directives have already resulted in at least 919 inmates being placed on home confinement. *See* [BOP COVID-19 Website](). This process necessarily requires the Bureau of Prisons to prioritize the most pressing cases—identifying the best candidates for release, ensuring that their homes are suitable for home confinement, and arranging a way to quarantine each of them for 14 days. Atwi should not be permitted to throw a wrench in that ongoing process by petitioning the Court, particularly given the absence of any judicial authority to direct or review the Bureau of Prisons' home-confinement decisions.

*Second*, Atwi does not qualify for compassionate release. Because Atwi has not sought compassionate release from the Bureau of Prisons based on COVID-19, as required under 18 U.S.C. § 3582(c)(1)(A), the Court does not have jurisdiction to address his COVID-19-based argument until he exhausts his administrative remedies.

## BACKGROUND

Atwi began as an employee at Downtown Food Shop in Flint, Michigan. He later became an owner of the store. During his time at the Downtown Food Shop, Atwi and others engaged in food stamp fraud that included exchanging money for Supplemental Nutritional Assistance Plan ("SNAP") benefits. Atwi failed to report the SNAP benefits he illicitly received on his income taxes. Atwi later pleaded guilty to food stamp fraud and making and subscribing a false tax return. This Court sentenced Atwi to four months in prison.

Atwi began serving his prison sentence on March 15, 2020, and is currently incarcerated at Milan Federal Correctional Institute. He is 37 years old, and his projected release date is July 12, 2020. Atwi alleges that he has active Tuberculosis. The evidence from his medical records demonstrates that he does not. Nevertheless, Atwi has moved for

compassionate release, citing his alleged medical condition and the COVID-19 pandemic.

## ARGUMENT

**I. There is no Evidence to Support Atwi's Claim That He was Coughing Up Blood and Has Active Tuberculosis**

Atwi's initial filing claims that he is "coughing up blood" and has been diagnosed with active Tuberculosis. There is no evidence to support the former claim and the latter claim is false. Atwi, like all prisoners, gets an initial skin test for Tuberculosis. The government has separately provided the medical records to the Court that relate to this test. This test was positive. This positive test means one of two things: 1) that he has, at some point, been exposed to Tuberculosis; or 2) that he has received a particular vaccination that causes a false positive for Tuberculosis. In order to confirm whether there is active Tuberculosis, a chest x-ray is required. Atwi's follow-up chest X-ray did not indicate active Tuberculosis.

This means that Atwi either has latent Tuberculosis or a false positive. There is actually an increased likelihood of a false positive from a prior vaccine because Atwi fits the population that may have received the vaccine that causes the false positive. In any event, the

normal course is for Atwi to receive prescription medication for six months.

Importantly, latent Tuberculosis, even if he has it, places him at no higher risk of complications for COVID-19. ***There is no evidence from his chest X-Ray that Atwi has active Tuberculosis.*** The medical records belie his sole medical claim supporting his early release. The medical records and email from the Bureau of Prisons nurse provided to the Court show no basis for the claim that Atwi has active Tuberculosis.

Atwi also claims that he is coughing up blood. There is no record whatsoever in the medical records to support that he has reported this condition to anyone at the Bureau of Prisons. If Atwi made such a complaint, it is highly likely that Bureau of Prisons would separate him and obtain medical attention. No guard wants exposure to COVID-19 and it makes little sense that anyone informed of Atwi's alleged blood producing cough would not report the matter to medical staff.

It is highly unfortunate that during a global pandemic and a time when Courts are deluged by motions for bond and compassionate

release that Atwi has brought a motion that holds up so poorly upon closer examination.

## II. The Court should deny Atwi's motion for compassionate release.

Section 603(b) of the First Step Act of 2018 amended 18 U.S.C. § 3582 to afford inmates the right to seek compassionate release on their own motion, when previously only the Bureau of Prisons' Director could do so. But first, inmates must request compassionate release and exhaust their administrative remedies with the Bureau of Prisons, or wait 30 days in the event the Bureau of Prisons fails to act on their request. 18 U.S.C. § 3582(c)(1)(A). Second, a court may only grant compassionate release based on an individual inmate's "extraordinary and compelling reasons," which must be consistent with the Sentencing Commission's policy statement and which the inmate has the burden of showing. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13(1)(A), (3); *United States v. Hamilton*, 715 F.3d 328, 327 (11th Cir. 2013). And third, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine that the inmate "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

### A. The Court is barred from granting release because Atwi has not exhausted his administrative remedies.

The Court must dismiss Atwi's motion, because he has not satisfied the exhaustion requirement for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Before an inmate moves for compassionate release in court, he "must at least ask the Bureau of Prisons[] to do so on [his] behalf and give BOP thirty days to respond." *United States v. Raia*, __ F.3d __, No. 20-1033, at 3 (3d Cir. Apr. 2, 2020) (citing § 3582(c)(1)(A)) (opinion amended on Apr. 8, 2020).

Statutory exhaustion requirements, like the one in § 3582(c)(1)(A), are mandatory. *Ross v. Blake*, 136 S. Ct. 1850, 1855–57 (2016). Those requirements may not be excused, even to account for "special circumstances." *Id.* Rather, as a judge in this district recently held, "[t]he text of 18 U.S.C. § 3582(c) defines mandatory conditions precedent to a defendant filing a motion [for compassionate release] under that section." *United States v. Alam*, No. 15-20351, at 4 (E.D. Mich. Apr. 8, 2020).

Atwi did not exhaust or even begin to exhaust his administrative remedies. Atwi has therefore not satisfied § 3582(c)(1)(A)'s mandatory exhaustion requirement.

That failure is fatal to Atwi's claim. As the Third Circuit held recently in denying a similar, unexhausted motion for compassionate release, the COVID-19 pandemic does not permit inmates or district judges to bypass § 3582(c)(1)(A)'s exhaustion requirement. *United States v. Raia*, __ F.3d __, No. 20-1033, at 8 (3d Cir. Apr. 8, 2020) (opinion amended on Apr. 8, 2020). Rather, "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical— importance." *Id.*; *see also United States v. Alam*, No. 15-20351, at 6 (E.D. Mich. Apr. 8, 2020) ("[T]his failure to exhaust cannot be excused, even in light of the COVID-19 pandemic."); *United States v. Eberhart*, No. 13-CR-00313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief [based on COVID-19] under § 3582(c)(1)(A)(i)."). So Atwi's motion must be denied on that basis alone.

### B.    Atwi Does Not Qualify For Compassionate Release

Even had he exhausted the administrative remedies, Atwi would not qualify with the record before the Court. The First Step Act did not

change the substantive requirement that compassionate release be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020). Nor did Congress remove the directive that the Commission, not the judiciary, adopt the policies regarding "what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(a)(2)(C) & (t). With the claim that he has active Tuberculosis seemingly baseless, there is no individualized reason to release Atwi. Atwi is instead a 37 year old man with nothing that subjects him to an increased risk of complications if he contracts COVID-19. That does not provide a basis for his release.

## CONCLUSION

Atwi's motion should be denied.

Respectfully Submitted,

MATTHEW SCHNEIDER
United States Attorney

Dated: April 13, 2020

s/CHRISTOPHER W. RAWSTHORNE
Assistant United States Attorney
600 Church Street
210 Federal Building
Flint, Michigan 48502-1280
Phone: (810) 766-5035
christopher.rawsthorne@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2020, the foregoing document was electronically filed by an employee of the United States Attorney's Office with the Clerk of the Court using the ECF system which will send notification of such filing to:

David Steingold

s/JESSICA SZUKHENT
United States Attorney's Office
600 Church Street
Flint, Michigan 48502-1280